UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STOCKTON FIREFIGHTERS' LOCAL 456, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS,

Plaintiff,

v.

CITY OF STOCKTON,

Defendant.
_______________________________/

2:10-cv-01828 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant City of Stockton's ("defendant" or the "City") motion to dismiss plaintiff's complaint or, in the alternative, to stay further proceedings. Plaintiff Stockton Firefighters' Local 456, International Association of Firefighters ("plaintiff" or the "Union") opposes the motion. For the reasons set forth below,[1] defendant's motion to stay is GRANTED.

/////

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

**BACKGROUND**

This case arises out of the Union's allegations that the City violated various provisions of the Memorandum of Understanding ("MOU") between the parties. The Union and the City entered into the MOU, which constituted a collective bargaining agreement, spanning the term of July 1, 2003 through June 30, 2011. (Compl., filed July 14, 2010, ¶ 5; Ex. B to Def.'s Request for Judicial Notice ("RJFN"), filed Aug. 9, 2010.) The MOU was amended by a Letter of Agreement ("LOA"), which was approved and adopted by the Stockton City Council in December 2008. (Compl. ¶ 5.) The amended MOU provided that "there shall be no layoffs, alterations in total daily staffing, or company closures for the effective term of this Letter of Agreement." (Ex. C. to RFJN; Compl. ¶ 6.) It also modified certain employee compensation increases that were previously scheduled by the agreement and included a salary adjustment to be effective July 1, 2010. (Compl. ¶ 7.)

On June 22, 2010, the Stockton City Council adopted a resolution purporting to suspend without limitation all provisions of the MOU and LOA that would require the City to grant wage or compensation increases of any kind. (Id. ¶ 8.) The resolution also directed the closure of Stockton Fire Department Truck Company No. 4. (Id.) On July 1, 2010, the City, in accordance with the resolution, failed and refused to carry out salary adjustments. (Id. ¶ 10.) The City contends that the resolution was permitted under the City's inherent municipal and police powers. (Id. ¶ 9.)

On June 28, 2010, the Union filed a Verified Petition for Temporary Restraining Order and Preliminary Injunction Pending Arbitration and for Writ of Prohibition or Other Appropriate Writ Relief (the "Verified Petition"). (Ex. H to RFJN, at 1.) The Petition sought a temporary restraining order, a preliminary injunction, and a permanent injunction, enjoining respondents, including the City, from imposing any changes to wages, hours, and terms and conditions of employment provided in the MOU and LOA, including the closure of Truck Company No. 4. (Id. at 15-16.) On June 30, 2010, the Union's application for a temporary restraining order was denied. (Ex. M to RFJN, at 1.) On the same day, respondents filed a Cross-Complaint for Declaratory Relief, seeking a declaration that any impairments to the Union's contract were lawful exercises of the police power granted to the City by the California and United States Constitutions. (Ex. K to RFJN.)

On July 14, 2010, the Union filed a Complaint for Injunctive Relief and Damages. The Union asserts claims for (1) deprivation of rights under the U.S. Constitution; (2) violation of 42 U.S.C. § 1983; and (3) petition to compel expedited arbitration pursuant to California Labor Code § 1126. The Union, *inter alia*, seeks equitable relief, including " a preliminary injunction, and a permanent injunction, enjoining the City . . . from imposing any changes to wages, hours and terms and conditions of employment provided to firefighters represented by the Union as set forth in the existing MOU . . . , including . . . close of Truck Company No. 4." (Compl. at 6.)

/////

**STANDARD**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual

allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

Defendant contends that this case should be stayed[2] pursuant to the abstention doctrine set forth by the Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).[3] This doctrine provides that abstention is based upon "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Id. at 813. "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Id. at 817 (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)).

---

[2] "The Colorado River doctrine is not technically an abstention doctrine; therefore a district court's decision declining to exercise federal jurisdiction pursuant to Colorado River is more properly referred to as a stay or dismissal, as the case may be." Smith v. Cental Az. Water Conservation Dist., 418 F.3d 1028, 1032 n.4 (9th Cir. 2005) (internal quotations omitted). However, "the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 400 U.S. 1, 28 (1983) (citations omitted).

[3] Defendant also contends that the case should be dismissed pursuant to Younger abstention or stayed pursuant to the court's inherent authority. In the alternative, defendant asserts that plaintiff's federal claims fail as a matter of law. Because, as set forth *infra*, the court concludes that the Colorado River doctrine applies, it does not reach the merits of defendant's other arguments.

Therefore, the application of the Colorado River doctrine can be justified "only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." Id. at 813 (internal quotations omitted). As such, "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceedings for reasons of wise judicial administration are considerably more limited," though those circumstances "do nevertheless exist." Id. at 818; Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) ("[T]he Colorado River doctrine is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.") (internal quotations omitted).

**1. Substantial Similarity of Claims**

Plaintiff argues that Colorado River abstention is inappropriate in this case because the claims brought by plaintiff in state and federal court are not the same. Specifically, the Union contends that its complaint in state court sought only emergency, temporary relief before the City Council's actions were to be implemented.

In order for the Colorado River doctrine to apply, exact parallelism between the state and federal proceedings is not required. Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989). Rather, "[i]t is enough if the two proceedings are 'substantially similar.'" Id.; Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d 290, 297 (9th Cir. 1996). However, "the existence of substantial doubt as to whether the state proceedings will resolve the federal action precludes the

granting of a stay." Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993). The Supreme Court has noted that

> [a]n order granting a Colorado River stay . . . "necessarily contemplates that the federal court will have nothing further to do in resolving the case" because a district court may enter such an order only if it has full confidence that the parallel state proceeding will "be an adequate vehicle for the complete and prompt resolution of the issues between the parties."

Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988) (citing Moses H., 460 U.S. at 28). As such, a Colorado River stay order may be entered only where it is clear that "the parallel state proceeding will end the litigation." Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993) (citing Gulfstream, 485 U.S. at 277).

In this case, the parallel state proceeding will end litigation of the issues between the parties. Contrary to plaintiff's assertion that its state petition sought only temporary relief, the relief requested in the Verified Petition was "[f]or a temporary restraining order, a preliminary injunction, and a *permanent injunction*," enjoining the City from "imposing any changes to wages, hours and terms and conditions of employment provided . . . in the existing MOU for the term of July 1, 2003 though June 10, 2011 . . . ." (Ex. H to RFJN, at 15.) While plaintiff did not enumerate the legal basis for the relief requested, the petition asserts that the City's "unilateral change in terms and conditions of the MOU violates both the MOU and the provisions of City Charter Article XVI, Section 1607." (Id. ¶ 9.) Further, two days after the Union

filed its Verified Petition and two weeks prior to the Union's filing in this court, the City filed a Cross-Complaint for Declaratory Relief, seeking "a declaration that any impairments to the Union's contract were lawful" under both state and federal constitutions. (Ex. J to RFJN.) The parties to both suits are the same,[4] and, in both actions, they seek a determination of their rights in relation to the same contract. Cf. Smith, 418 F.3d at 1033 (holding that the Colorado River doctrine did not apply because, in the state court action, plaintiffs sought a determination of their rights under different contracts than those at issue in the federal court action). The petition in the state action and the complaint in the federal action seek identical injunctive relief. Further, based upon the claims and allegations in the Verified Petition and Cross-Complaint, resolution of the state court action will necessarily resolve whether the City's conduct was constitutional or, alternatively, whether it was unlawful and should be permanently enjoined. In either case, there will be no further issues for litigation in the federal case after the state court makes such a determination. Cf. Intel, 12 F.3d at 913 (holding that abstention was not warranted because the case could return to federal court, depending upon resolution of an arbitration issue in state court).

---

[4] The state action also names Ronald Hittle, in his capacity as Fire Chief for the City of Stockton, as a respondent. (Ex. H to RFJN.)

Therefore, the court concludes that the state and federal litigations present substantially similar claims, of which the state court determination will resolve in their entirety.[5]

**2. Colorado River Factors**

Plaintiff also argues that the Colorado River factors do not weigh in favor of granting a stay because this is not an exceptional or complex case warranting application of the doctrine. Conversely, defendant contends that the majority of factors weigh in favor of a stay, particularly in light of circumstances that implicate forum shopping by the Union.

The Supreme Court has set forth various factors that the district court may consider when assessing the appropriateness of dismissal in the case of concurrent jurisdiction over the same or substantially similar matter. These factors include (1) assumption by either court of jurisdiction over the res or property at dispute in the lawsuit; (2) the inconvenience of the

---

[5] The court notes that the Union's federal complaint also includes a claim to compel expedited arbitration pursuant to California Labor Code § 1126. In its reply, defendant represents that the parties are scheduled to commence arbitration on September 21, 2010. (Def.'s Reply ("Reply"), filed Sept. 17, 2010, at 10 n.4.) Further, in its Demurrer to the City's Cross-Complaint, plaintiff acknowledges that the claims are subject to "pending arbitration proceedings," in support of its assertion that the constitutional claims are not ripe. (Ex. A to Supp. Req. for Judicial Notice, filed Sept. 17, 2010.) As an initial matter, the conflicting positions of plaintiff's counsel regarding the justiciability of the constitutional claims at issue in both the state and federal litigations are troubling. Further, based upon the representations of the parties, it appears that there is no actual case or controversy regarding the parties' submission of the matter to arbitration. As such, the court does not consider this claim in its determination of the applicability of the Colorado River doctrine.

federal forum,[6] (3) the desirability of avoiding piecemeal litigation, and (4) the order in which jurisdiction was obtained by the concurrent forums. Id. at 818. In Moses H., the Supreme Court also found relevant to the inquiry (5) whether federal law provides the decision on the merits, and (6) the probable inadequacy of the state-court proceeding to protect the parties' rights. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 23, 26 (1983). Further, the Ninth Circuit has recognized that forum shopping can in some cases justify Colorado River abstention. Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d 290, 297 (9th Cir. 1996) (citing Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1371 (9th Cir. 1990)); Nakash, 882 F.2d at 1417 (holding that attempts to forum shop or avoid adverse rulings weigh strongly in favor of abstention). However, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Id. at 818-19 (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)). The factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." Moses H., 460 U.S. at 21.

In this case, application of the Colorado River factors weigh in favor of staying the federal proceedings pending resolution of the state litigation. First, the issuance of a

---

[6] The first Colorado River factor is irrelevant in this case, as there is no property or res at issue in the instant case. The second factor, convenience of the federal forum, is also not applicable, as neither plaintiff nor defendant have produced any evidence or argument that the federal forum is any less convenient than the state forum.

stay would avoid the chance of duplicative effort and conflicting results regarding the lawfulness of the City's conduct. See Silvaco Date Sys., Inv. v. Tech. Modeling Assocs., Inc., 896 F. Supp. 973, 976 (N.D. Cal. 1995); see also Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988) ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."). Second, the state action was filed first, and the state court has already denied the Union's petition for emergency relief.[7] See Moses H., 460 U.S. at 21-22 (noting that priority should be measured by "how much progress has been made in the two actions"). Third, while the Union's first two claims in its federal complaint are governed by federal law, the state court action raises the issue of constitutionality under both state and federal law. Further, plaintiff concedes that the state court proceedings provide an adequate forum for protecting its constitutional rights. (See Pl.'s Opp'n to Mot. to Dismiss, filed Sept. 10, 2010, at 9 ("The union does not dispute that its constitutional claims could be brought in state court.")); see Travelers, 914 F.2d at 1370 (holding that this factor is of little or no weight where adequate relief is available in state court, and thus, does not weigh in favor of federal jurisdiction).

---

[7] The court notes that this factor lends minimal guidance to the analysis as both actions are in their infancy. See Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1370 (9th Cir. 1990). However, as set forth *infra*, the timing of the state and federal filings is relevant to the issue of forum shopping.

Moreover, policy concerns militate in favor of a conclusion that this action should be heard in state court. This action implicates important state questions, including whether a city has the legal authority to contravene the terms of a MOU in a fiscal emergency and what circumstances constitute such a fiscal emergency.

Finally, the circumstances leading up to the filing of the federal action support the conclusion that forum-shopping tactics have been employed in this case. The case was originally filed in state court by the Union, seeking the same relief as that sought in the federal action. However, the Union filed a federal claim only after its petition for a temporary restraining order[8] was denied.[9] The timing of the motion as well as the significant overlap in claims and relief sought indicate that the Union is seeking to "insulate itself from a potentially adverse state court ruling by presenting the very same arguments to a federal court." Sperber-Porter v. Kell, No. CV-08-1424, 2009 WL 890974, at *7 (D. Ariz. Apr. 2, 2009) (citing Nakash, 882 F.2d at 1417 (stating that "an attempt to forum shop" or to "avoid adverse rulings by the state court" is a factor that "weighs strongly in favor of abstention")).

---

[8] Plaintiff's contention that it filed in state court because "state courts are amendable to the type of emergency relief the union sough on such short notice" is unpersuasive. Plaintiff has failed to set forth any evidence or argument that a federal court could not have offered the same relief.

[9] Defendant also represents that, in denying the temporary restraining order, the state court judge "disclosed his views about the appropriateness of enjoining the City's actions taken as a result of [its] declaration of emergency." (Reply at 8.)

The court again acknowledges that abstention under the Colorado River doctrine is a narrow exception, appropriate only in extraordinary circumstances. See Fireman's Fund, 87 F.3d at 297; O'Neill v. United States, 50 F.3d 677, 688 (9th Cir. 1995). Such extraordinary circumstances are present in this case. The injunctive relief sought by the Union in its federal action is identical to the injunctive relief sought in the state action. The lawfulness of the City's conduct with respect to the MOU and LOA are at issue in both actions. Adjudication of this claim implicates policy concerns relating not only to comity between the state and federal courts, but also to the determination of the scope of state and local police power in the event of a fiscal emergency. These issues are magnified in light of the evidence of forum-shopping by plaintiff. Accordingly, the court concludes that the application of the Colorado River doctrine is appropriate under these extraordinary circumstances.

**CONCLUSION**

Therefore, for the foregoing reasons, defendant's motion to stay pursuant to the Colorado River doctrine is GRANTED. This action is STAYED pending resolution of the state court action.

IT IS SO ORDERED.

DATED: September 28, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE